**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KEITHROY DAVIS,** : | |
|         Petitioner : | |
| : | |
| vs. : | **CIVIL ACTION NO. 3:CV-04-2763** |
| : | **(CHIEF JUDGE VANASKIE)** |
| **THOMAS DECKER, Field Office** : | |
| **Director, Philadelphia, Pennsylvania,** : | |
| **United States Bureau of Immigration** : | |
| **and Customs Enforcement**[1] : | |
|         Respondent : | |

## **MEMORANDUM**

Before the court is whether the United States Bureau of Immigration and Customs Enforcement ("BICE") provided Petitioner with due process in its review of his continued custody. Keithroy Davis, a native and citizen of St. Kitts and Nevis, has been in the custody of BICE since June 14, 2004. A removal decree against Davis was stayed by judicial order on January 4, 2005. BICE concedes that Davis is entitled to a custody review under this Court's ruling in Haynes v. Dep't of Homeland Security, No. 3:CV-05-0339, 2005 WL 1606321 (M.D.

---

[1] The proper Respondent in an immigration habeas proceeding is the Field Office Director of the United States Bureau of Immigration and Customs Enforcement responsible for the area where the alien is detained. See 28 U.S.C. § 2243; Rumsfeld v. Padilla, 542 U.S. 426, 124 S. Ct. 2711, 2720 (2004). The pro se Plaintiff errantly named the Bureau of Immigration and Customs Enforcement organization as the Respondent. Since we hold pro se litigants to less stringent standards, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and the Respondent does not object, this Court will correct the named Respondent in this case to Field Office Director Thomas Decker.

1

Pa. July 8, 2005).  BICE, however, erroneously asserts that the proper review procedures are embodied by 8 C.F.R. § 241.4(h).  (Resp't Br. at 3-4.)  These procedures are only appropriate for initial custody determinations made within the removal period.  As this Court determined in <u>Haynes</u>, a removal decree stayed by judicial order is not within the removal period.  Instead, 8 C.F.R. § 241.4(i) provides the requisite due process review of Petitioner's continued detention.  This entitles Davis to a personal interview before his conditional release may be denied.  BICE did not provide him with a personal interview in its review.  Consequently, Davis has been denied due process.

**I. BACKGROUND**

BICE moved for Petitioner's removal based on prior drug-related convictions.  Davis was ordered removed from the United States by an Immigration Judge on October 8, 2004.  (Dkt. Entry 23, Ex. 3 at 2.)  Davis subsequently exhausted all administrative appeals of this order.  (<u>Id</u>.)  Afterwards, he filed a Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241, challenging both the removal order and the validity of his continuing detention.  This Court granted a stay of deportation on January 4, 2005.[2]  In a July 28, 2005 Order, this Court directed the parties to address the applicability of <u>Haynes</u>, which held that a criminal alien whose removal has been stayed is entitled to due process protection as a condition of continuing incarceration.

---

[2] The stay was still in effect on July 28, 2005, when the challenge to the validity of the removal order was transferred to the United States Court of Appeals for the Third Circuit pursuant to the Real ID Act.

BICE responded by claiming that a records review conducted in March of 2005 for purposes of determining whether Petitioner should be released satisfied due process.  BICE provided prior notice to Davis that it would conduct a records review.  (Dkt. Entry 23, Ex. 2.)  According to BICE, Petitioner did not submit any documentation for the review.  (Dkt. Entry 23, Ex. 3 at 6.)  Davis, however, contends that he submitted documentation to Michael Fairless, one of the reviewing officers.  (Dkt. Entry 24 at 2.)  BICE reviewed Petitioner's records on March 2, 2005.  (Dkt. Entry 23, Ex. 3 at 1.)  Michael Fairless and Kelly Mitra completed a Post Order Custody Review Worksheet recommending Petitioner remain in custody.  (Dkt. Entry 23, Ex. 3 at 7.)  The recommendation was based on Petitioner's "long and sometime violent criminal history" and that he "could pose a threat to the community if released."[3]  (Dkt. Entry 23, Ex. 3 at 7.)  The reviewing officers also considered Davis a flight risk.  (Dkt. Entry 23, Ex. 3 at 7.)  The reviewing officers' recommendation was accepted by the BICE Field Office Director.  Petitioner was not offered a personal interview.  (Dkt. Entry 23, Ex. 3 at 3.)

## II. DISCUSSION

BICE concedes that Davis is entitled to a custody review under Haynes.  (Resp't Br. at 3.)  However, BICE mistakenly asserts that Petitioner's custody review is governed by 8 C.F.R.

---

[3] As indicated in the worksheet, Petitioner was convicted in 1984 for possession of stolen property, and sentenced to 18 months imprisonment.  In 1985, he was fined for criminal possession of marijuana.  In 1990, Petitioner was convicted for distribution of cocaine, and was sentenced to 3 years probation.  Plaintiff was also convicted of possession of cocaine on a date not specified on the worksheet, for which he was sentenced to 3 years imprisonment.  Finally, the Plaintiff pled guilty to possession of stolen mail on an unspecified date, for which he was sentenced to 5 years imprisonment and 3 years supervised release.

§ 241.4(h), not 8 C.F.R. § 241.4(i).  (Id.)  The government's argument is premised on the fact that a BICE district director conducted Petitioner's review.  (Id.)  According to BICE, all custody reviews by district directors are governed by § 241.4(h).  (Id.)  This is incorrect, as the Executive Associate Commissioner may delegate authority to a district director to conduct a § 241.4(i) review.  See 8 C.F.R. § 241.4(c).

More significantly, the appropriate review procedure is not determined by who conducts the review but by the detainee's due process protections.  The purpose of a § 241.4(h) review is to determine whether an alien should remain in custody after BICE has failed to deport the alien within the 90-day removal period.  Davis is not within the 90-day removal period, so § 241.4(h) is not applicable.  See Haynes, 2005 WL 1606321, at *3.  Furthermore, there are decreased due process concerns for a § 241.4(h) review, as it is usually takes place within 90-days after a searching review of the alien's position by an immigration judge or an Article III court.  8 C.F.R. § 1231(a)(1)(B).  Accordingly, a § 241.4(h) review is less rigorous than a § 241.4(i) review, as it does not require an unanimous recommendation by a two-member review panel or a personal interview.  But when an alien is detained for a greater length of time, a more rigorous review is necessary.  See Ngo v. INS, 192 F.3d 390, 399 (3d Cir. 1999)(finding that procedures requiring reviews every six months and an annual personal interview satisfied due process).  Davis has been in the custody of BICE for a considerable period of time since the removal order.  He is entitled to a more rigorous custody review than afforded under §

241.4(h).

The framework set forth in § 241.4(i) provides the appropriate type of review for an alien in Petitioner's position. This Court has made it clear that a personal interview is a "rudimentary element of due process." Oyedeji v. Ashcroft, 332 F. Supp. 2d 747, 754 (M.D. Pa. 2004); see also Ngo, 192 F.3d at 398. In Haynes, this Court determined that § 241.4(i) embodied the procedures accepted by our Court of Appeals in Ngo as satisfying due process. Haynes, 2005 WL 1606321, at *5. Under this framework, a review panel must review the detainee's records[4] and, if the detainee is not recommended for release, the review panel must personally interview[5] the detainee. § 241.4(i)(1)-(3).

---

[4] 8 C.F.R. § 241.4(i)(2), states:

> Records review. Initially, and at the beginning of each subsequent review, the HQPDU Director or a Review Panel shall review the alien's records. Upon completion of this records review, the HQPDU Director or the Review Panel may issue a written recommendation that the alien be released and reasons therefor.

[5] 8 C.F.R. § 241.4(i)(3), states:

> Personal interview.
> (i) If the HQPDU Director does not accept a panel's recommendation to grant release after a records review, or if the alien is not recommended for release, a Review Panel shall personally interview the detainee. The scheduling of such interviews shall be at the discretion of the HQPDU Director. The HQPDU Director will provide a translator if he or she determines that such assistance is appropriate.
> (ii) The alien may be accompanied during the interview by a person of his or her choice, subject to reasonable security concerns at the institution's and panel's discretion, who is able to attend at the time of the scheduled interview. Such assistance shall be at no expense to the Government. The alien may submit to the Review Panel any information, in English, that he or she

It is evident that Davis has not received the process this Court has determined is needed to satisfy due process concerns. In particular, he has not had an opportunity to appear before reviewing officers to plead his case or respond to any questions.[6] As in Haynes, BICE will be afforded an opportunity to accord Petitioner the type of process set forth in § 241.4(i).

## III. CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus will be granted conditionally. Respondent will be afforded a period of sixty (60) days within which to provide Petitioner the type of process set forth in 8 C.F.R. § 241.4(i) which the due process clause demands when liberty is at stake. If such process is not provided, Petitioner is to be released.[7]

          **s/ Thomas I. Vanaskie**
          Thomas I. Vanaskie, Chief Judge
          Middle District of Pennsylvania

---

believes presents a basis for his or her release.

[6] For instance, the conclusion by the officers that Davis has a "sometime violent" criminal history and poses a flight risk may be contested. Davis has not been convicted of any overtly violent crimes. (Dkt. Entry 23, Ex. 3 at 2)(Davis has been convicted of possession of stolen property, marijuana, cocaine, and stolen mail.) Moreover, the conclusion that Davis is a flight risk seems based entirely on the fact that travel documents are available, but perhaps Davis could explain why he is not a flight risk.

[7] If Respondent subsequently determines that detention of Petitioner should be continued, Petitioner may, of course, commence an appropriate action under 28 U.S.C. § 2241 challenging the detention decision. And, of course, if the Court of Appeals vacates the stay of removal, Respondent will be at liberty to take the action required to effect Petitioner's removal from the United States and detain him during the removal period.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**KEITHROY DAVIS,** :
       **Petitioner** :
        :
   vs. : **CIVIL ACTION NO. 3:CV-04-2763**
        : **(CHIEF JUDGE VANASKIE)**
**THOMAS DECKER, Field Office** :
**Director, Philadelphia, Pennsylvania,** :
**United States Bureau of Immigration** :
**and Customs Enforcement** :
       **Respondent** :

## ORDER

**NOW, THIS 11th DAY OF OCTOBER, 2005,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

   1. The Petition for a Writ of Habeas Corpus is **GRANTED CONDITIONALLY.**

   2. Respondent shall undertake a review of Petitioner's custody status in accordance with the provisions of 8 C.F.R. § 241.4(i) within sixty (60) days from the date of this Order.

   3. If Respondent fails to provide Petitioner with the process required by 8 C.F.R. § 241.4(i) within sixty (60) days from the date of this Order, Petitioner shall be released from confinement subject to pertinent conditions of supervision.

   4. Respondent shall file a status report with this Court no later than December 7, 2005.

5. The Clerk of Court is directed to mark this matter **CLOSED.**

                                            **s/ Thomas I. Vanaskie**
                                            Thomas I. Vanaskie, Chief Judge
                                            Middle District of Pennsylvania